In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00171-CV


______________________________




LUKE CLYDE TEIXEIRA, Appellant



V.



JOHN HALL, M.D., Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 2002-882-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Luke Clyde Teixeira appeals from the dismissal of his lawsuit against John Hall, M.D. 
Teixeira filed a medical malpractice lawsuit against Hall on April 9, 2002. At that time, he also filed
an application to proceed as an indigent, asserting he was unable to pay the fee for the proceedings. 
On May 7, 2002, the trial court signed an order drafted by Teixeira which specifically granted his
request to have citation issued and "this cause to proceed before all fees have been paid."

 The trial court thereby ordered citation to be accomplished, but did not make an explicit
finding on indigence. Under the requirements of the specific medical malpractice statute, (1) Teixeira
was required, not later than ninety days after the date of filing his claim, to either file a separate
$5,000.00 cost bond for each physician, or file an expert report. Tex. Rev. Civ. Stat. Ann. art.
4590i, § 13.01(a), (b) (Vernon Supp. 2003). Teixeira did neither. 

 Hall then filed a motion that Teixeira be ordered to file the $7,500.00 bond required if a
plaintiff fails to file the lower bond or an expert's report. See Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(a), (b). The trial court granted Hall's motion and ordered the higher bond. Teixeira filed a
motion to reconsider in which he argued that, because he was unable to afford to file a cost bond,
and because he had filed an application to proceed as an indigent with his petition as required by
Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 1997) (governing inmate lawsuits), the
requirements of Article 4590i, Section 13.01(o) were met, and he was not required to file a bond. 
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(o) (Vernon Supp. 2003).

 Teixeira did not file a bond, and the trial court dismissed his lawsuit because of that failure.

 On appeal, Teixeira contends that, because he had requested and received free service, and
because he had filed an application to proceed as a pauper, he had adequately met the requirements
of the medical malpractice statute to proceed as an indigent. Therefore, he argues the trial court
erred by dismissing his lawsuit. 

 In medical malpractice suits, we apply an abuse of discretion standard when reviewing a
dismissal under Section 13.01. Thus, we reverse only if the trial court acts unreasonably or
arbitrarily. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001);
Morrill v. Third Coast Emergency Physicians, P.A., 32 S.W.3d 324, 327 (Tex. App.-San Antonio
2000, pet. denied). A trial court will be deemed to have acted arbitrarily and unreasonably if it is
demonstrated the trial court could have reached only one decision. Morrill, 32 S.W.3d at 327;
Wickware v. Sullivan, 70 S.W.3d 214, 218 (Tex. App.-San Antonio 2001, no pet.); see Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01(a), (b); Thomas v. Ben Taub Gen. Hosp., 63 S.W.3d 908, 910
(Tex. App.-Houston [14th Dist.] 2002, no pet.). However, a trial court has no discretion in
determining what the law is or applying the law to the facts. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).

 Subsection (a) requires a claimant to file an expert report, post a $5,000.00 cost bond, or
deposit $5,000.00 in escrow for each defendant named in the action no later than ninety days after
the suit is commenced. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(a). If the claimant fails to
post the required security within this ninety-day period, subsection (b) provides that the trial court
"shall" enter an order directing the claimant to post a $7,500.00 cost bond within twenty-one days
of its order. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(b) (also providing any claimant who fails
to comply with this Court's order shall have his or her lawsuit dismissed for want of prosecution). 

 The Legislature's use of the word "shall" within subsections (a) and (b) indicates that
compliance with subsection (a)'s ninety-day deadline is mandatory. See Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 13.01(a), (b); Wickware, 70 S.W.3d at 219.

 By contrast, subsection (o) states: 

 Notwithstanding any other provision of this section, a claimant who is proceeding
without an attorney and who is unable to afford a cost bond or cash deposit may, in
lieu of a cost bond or cash deposit, file an affidavit in the same form required for an
affidavit in lieu of security for costs under the Texas Rules of Civil Procedure. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(o). Subsection (o) allows indigent pro se claimants
to file an affidavit of their inability to post security for costs instead of posting a cost bond or
depositing cash into escrow. The statute also requires the affidavit be filed in the form required by
Tex. R. Civ. P. 145. 

 Teixeira did not file an affidavit, but instead filed an application to proceed as a pauper that
was a declaration of indigency. 

 Hall focuses his response not on the factual statements made in that declaration, but instead
on a claim that it is inadequate to act as an affidavit. Specifically, he argues the document is
inadequate to act as an affidavit because it was not notarized and does not recite necessary language
stating, "I am unable to pay the court costs," and, "I verify that the statements made in this affidavit
are true and correct," as set out in Tex. R. Civ. P. 145(2).

 This argument does not take into account, however, Chapter 132 of the Texas Civil Practice
and Remedies Code. That statute allows prison inmates to file unsworn declarations if they meet
certain requirements. Section 132.001 provides:

 (a) Except as provided by Subsection (b), an unsworn declaration made as
provided by this chapter by an inmate in the Texas Department of Corrections or in
a county jail may be used in lieu of a written sworn declaration, verification,
certification, oath, or affidavit required by statute or required by a rule, order, or
requirement adopted as provided by law. 


Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon 1997); Thomas v. Knight, 52 S.W.3d 292,
296 (Tex. App.-Corpus Christi 2001, pet. denied), cert. denied, ___ U.S. ___, 123 S.Ct. 149, 154
L.Ed.2d 154 (2002).

 Thus, the absence of notarization is not controlling. 

 Hall also argues that the declaration is inadequate because it has additional terms in the
closing sentence rather than simply stating the statement is true. The application does not contain
the precise language of Rule 145. Teixeira stated in his concluding sentence "[B]ecause of my
poverty I am unable to pay in advance the filing fee for said proceedings or to give security for the
filing fee. . . . . I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the above
and foregoing is true to the best of my knowledge." 

 The language in the declaration is required to substantially comply with the statute in order
to be found adequate. See Smith v. McCorkle, 895 S.W.2d 692 (Tex. 1995). Section 132.002
requires the declaration be subscribed by the person making the declaration as true under penalty of
perjury. This declaration contains that language, although with reference to the parallel federal
statute instead of the controlling State authority. Section 132.003 then provides a form for the
declaration.

 Teixeira's declaration varies both from federal and state requirements, and reads as follows:

 I, Luke Clyde Teixeira, Plaintiff, do declare, depose, and say that I am the
Plaintiff in the above Entitled cause. In support of my Application to proceed
without being Required to prepay fees, costs, or give security therefor, I state that
because of my poverty I am unable to pay in advance the filing fee for said
proceedings or to give security for the filing fee. I believe I am entitled to Relief.


 I further declare that the following is true: 


 1. I have received approximately $400.00 in the last 12 months from friend
[sic] and family. In the last 5 months I have only received $25.00 and do not expect
more in the future. Attatched [sic] is a copy of my prison trust fund account.


 2. I have no monies in checking or savings account except my prison account
which has a balance of 37.66.


 3. I do not own any real estate, stocks, bonds, notes, autos or other valuable
property.




 I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the
above and foregoing is true to the best of my knowledge.


 Signed this 28th day of March, 2002.


 Luke C. Teixeira.


(Emphasis added.)

 The general requirement states that an affidavit "is insufficient unless the allegations
contained therein are direct and unequivocal and perjury can be assigned upon it." Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); Burke v. Satterfield, 525 S.W.2d 950, 955 (Tex. 1975). 

 In the context of a summary judgment affidavit, courts have uniformly held that affidavits
which are based on the affiant's best knowledge and belief do not meet the strict requirements of
Rule 166a-they must state facts, not belief. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex.
1996); Lightfoot v. Weissgarber, 763 S.W.2d 624, 628 (Tex. App.-San Antonio 1989, writ denied);
see Tex. R. Civ. P. 166a. Thus, such affidavits are held to constitute no evidence. Lee v. Lee, 43
S.W.3d 636, 641 (Tex. App.-Fort Worth 2001, no pet.); Hall v. Stephenson, 919 S.W.2d 454, 466
(Tex. App.-Fort Worth 1996, writ denied). 

 As a contrasting example, supporting affidavits based on information and belief are
sufficient in extradition proceedings. Ex parte McClintick, 945 S.W.2d 188, 192 (Tex. App.-San
Antonio 1997, orig. proceeding).

 The affiant must "positively and unqualifiedly represent the 'facts' . . . disclosed in the
affidavit to be true and within his personal knowledge." Brownlee, 665 S.W.2d at 112. (2) Even
though Tex. R. Civ. P. 145 contains specific language to be used in affidavits, the cases cited above
have not held that those magic words are the keystone of this review, but instead appraise whether
the affirmation is such as to show that the statements are based on the affiant's personal knowledge
and whether the statement is so positive as to allow perjury to lie. We see no reason to apply a
stricter rule to declarations made under Section 132.001 by a prison inmate.

 Thus, we focus our review not on Teixeira's closing statement, but instead on the basic
question of whether, if he lied, perjury could be assigned to this declaration. 

 Perjury is defined (in pertinent part) as follows:

 (a) A person commits an offense if, with intent to deceive and with
knowledge of the statement's meaning:


 . . . . 

 

 (2) he makes a false unsworn declaration under Chapter 132, Civil
Practice and Remedies Code.


 (b) An offense under this section is a Class A misdemeanor.


Tex. Pen. Code Ann. § 37.02 (Vernon 2003).


 In this case, Teixeira declared that his statements about his financial resources were true and
stated specific facts about the money given to him, the money currently in banking accounts, and his
lack of any ownership of other items. He then went on to acknowledge he had made those
declarations under penalty of perjury, before stating the declarations were true to the best of his
knowledge. We find the declaration to substantially comply with Chapter 132 of the Civil Practice
and Remedies Code. 

 Under these facts, we find that Teixeira's affidavit was sufficient to subject him to perjury
charges if found untrue and that Hall's argument that Teixeira's affidavit was deficient because he
swore only that his statements were "true to the best of my knowledge" is without merit.

 Further, we also recognize there is authority that any complaint about a defect in a
verification is waived if, as in this case, there is no objection to it. In re Simpson, 932 S.W.2d 674,
677 (Tex. App.-Amarillo 1996, no writ); see, e.g., Huddleston v. W. Nat'l Bank, 577 S.W.2d 778,
781 (Tex. Civ. App.-Amarillo 1979, writ ref'd n.r.e.).

 Hall also takes the position that the granting of indigency status by the trial court's order was
limited only to filing fees and that the court did not allow indigency generally and, thus, the order
does not apply to the medical malpractice statute. We simply note that the statute does not require
such an order. All that is necessary to avoid the ninety-day time frame in which an expert report
must be filed is to file the affidavit. We also note, of course, that even indigent plaintiffs are still
required to file an expert's report within 180 days of filing suit-or nonsuit the action. Tex. Rev. Civ.
Stat. Ann art. 4590i, § 13.01(d) (Vernon Supp. 2003); see Knie v. Piskun, 23 S.W.3d 455, 460
(Tex. App.-Amarillo 2000, pet. denied).

 We conclude the trial court acted outside the bounds of its discretion by dismissing Teixeira's
lawsuit in light of his declaration of indigency. 

 The judgment is reversed, and this cause is remanded to the trial court for further
proceedings.



 Jack Carter

 Justice


Date Submitted: May 7, 2003

Date Decided: May 28, 2003


1. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(a), (b) (Vernon Supp. 2003).
2. As examples of affidavits found wanting: Martinez v. IBP, Inc, 961 S.W.2d 678, 686 (Tex.
App.-Amarillo 1998, pet. denied) (summary judgment party's affidavit making an equivocal
statement of fact was only to best of her knowledge, and thus no evidence); Hall v. Stephenson, 919
S.W.2d 454, 466 (Tex. App.-Fort Worth 1996, writ denied) (summary judgment affidavit based on
best knowledge and does not unequivocally state expert opinion is no evidence); Int'l Turbine Serv.,
Inc. v. Lovitt, 881 S.W.2d 805, 808 (Tex. App.-Fort Worth 1994, writ denied) (summary judgment
affidavit by attorney based on best knowledge does not show he is personally familiar with facts so
as to be able to testify as witness and is thus no evidence); Wells Fargo Constr. Co. v. Bank of
Woodlake, 645 S.W.2d 913, 914 (Tex. App.-Tyler 1983, no writ) (summary judgment affidavit by
attorney holding that allegations contained in an affidavit that is attested to "on information and
belief" is no evidence), .