Affirmed and Opinion filed September 30, 2003













Affirmed and Memorandum
Opinion filed September 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00629-CV

____________

 

ALBERT G. GEORGE, Appellant

 

V.

 

HOUSTON EYE ASSOCIATES A/K/A TEXAS PRGXI, INC. 

AND ROBERT H. STEWART,
Appellees

 

_________________________________________________________

 

On Appeal from
the 165th District Court

Harris County, Texas

Trial Court
Cause No. 01-51280

 

_________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            This is a medical malpractice
case.  Pro se appellant, Albert G.
George, challenges the trial court’s dismissal of his lawsuit for failure to
comply with the provisions of the Medical Liability and Insurance Improvement
Act of Texas (“the Act”).[1]  We affirm.




 








I.  FACTUAL BACKGROUND

            On October 4, 2001, appellant filed
suit against Houston Eye Associates (“HEA”) and Drs. Patrick Mardesich, Robert H. Stewart, Michael Bloome,
Jeffrey Arnoult, and Richard L. Kimbrough.  At the time of the filing of the petition,
appellant was represented by an attorney, James F. Martin.  Appellant alleged the defendants had treated
him for problems with his eyes and that “[t]heir treatment was negligent and
fell below the standard of care in numerous respects, which proximately caused
him damages.”  Specifically, appellant
averred that defendants, or their employees, “may also have failed to properly
schedule a surgery on his right eye that proximately caused [appellant] damages
and blindness.”

            By January 4, 2002, ninety days
after the filing of the lawsuit, appellant had not yet filed a $5,000 cost bond
or placed $5,000 in escrow as required under the Act.  See Tex. Rev. Civ. Stat. art. 4590i, §
13.01(a)(1)–(2).[2]  He also had not filed the statutorily
required expert report.  See id. § 13.01(a)(3).  On February 25, after a motion by the
defendants, the trial court made the following order:

It is ORDERED that the Motion to Compel Cost Bond be granted and that
plaintiff post a cost bond in the amount of $7,500 for each defendant no later
than 21 days from the date of this order[.] 
It is ORDERED that failure to comply with this order shall result in
dismissal, subject to reinstatement pursuant to the Texas Rules of Civil Procedure
and article 4590i[,] section 13[.]01(c)[.][3]

 

            Twenty-one days later, on March 18,
appellant had not complied with the trial court’s February 25 order.  Nevertheless, the pre-trial proceedings
continued, and on March 26, a week after the expiration of the twenty-one day
deadline, appellant filed several motions, including his “Motion to Accept
Affidavit of Indigency in Lieu of 4590i Bonds or
Reports and Motion for Extension of Time in Which to File Expert Reports Under
4590i.”  In that motion, appellant sought
additional time to prepare the expert report required by the Act, as well as a
finding of indigency. 
In the motion, appellant conceded the ninety day deadline had not been
met and noted that the 180 day deadline for filing an expert report would be
April 1; thus, appellant requested a thirty day extension to obtain a report or
post a bond.[4]  Also, invoking section 13.01(o) of the Act,
appellant attempted to avail himself of provisions governing indigent
plaintiffs which would allow him to proceed without a cost bond.[5]  

            Also on March 26, Martin, still
acting as appellant’s attorney, filed a “Motion to Withdraw as Attorney of
Record,” in which he stated he no longer desired to pursue the lawsuit for
appellant, in part, because of his inability to retain an expert.  Specifically, Martin stated “[a]fter due diligence, Plaintiff’s counsel has been unable to
obtain the required expert report, if any, from two independent opthalmologists.” 
According to the motion, an expert who initially reviewed the file and
indicated probable negligence and causation was unwilling to testify because of
“political reasons.”  The motion further
stated appellant had been notified of all currently pending settings and
deadlines and had indicated a desire to proceed pro se or to seek new counsel.

            Finally, on that same day, appellant
filed his notice of nonsuit with respect to
defendants Mardesich, Bloome,
Arnoult, and Kimbrough.  On March 27, the defendants filed a motion to
dismiss premised on the fact that appellant had “not complied with the
mandatory requirements of the Act.” 
Specifically, the defendants requested the trial court dismiss the case
pursuant to article 4590i, section 13.01(b)(2), because appellant had failed to
comply with the court’s order regarding the $7,500 cost bond.  The trial court ordered the nonsuit on April 8 and withdrawal of appellant’s counsel on
April 12.  However, prior to signing
these orders, the trial court gave appellant an additional thirty days to
comply with the expert report provisions. 


            On April 8, Stewart and HEA, the remaining
defendants in the case, filed motions requesting dismissal under the Act.  See Tex. Rev. Civ. Stat. art. 4590i, §
13.01(d)–(e).  Both defendants premised
their request upon appellant’s failure to file the expert reports within 180
days of his original petition as required by section 13.01(d) of the Act.  Appellant, now pro se, filed his response to
the motion to dismiss claiming that Dr. Michael W. Mapp
had “reviewed [his] file . . . and said to [him] that there was negligence by
Defendants.”[6]  After stating he had noticed the deposition
of Mapp, appellant requested an additional thirty-day
grace period to obtain an expert report.

            After a hearing, the trial court
dismissed the case due to appellant’s failure to comply with the court’s order
requiring appellant to file the $7,500 cost bond within twenty-one days of the
court’s February 25 order.[7]  On June 12, appellant filed three handwritten
documents:  a second affidavit of indigency, a handwritten motion for new trial, and a notice
of appeal.  His motion for new trial was
overruled by operation of law.

II.  Standard of Review

            We review a trial court’s dismissal
under section 13.01 of the Act for an abuse of discretion.  Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Thomas v. Ben Taub
Gen. Hosp., 63 S.W.3d 908, 911 (Tex. App.—Houston [14th
Dist.] 2002, no pet.); Wickware v. Sullivan, 70 S.W.3d 214, 218 (Tex. App.—San
Antonio 2001, no pet.).  Thus, we reverse
only if the trial court acts unreasonably or arbitrarily.  Wickware, 70 S.W.3d at 218. 
“A trial court will be deemed to have acted arbitrarily and unreasonably
if it is demonstrated that the trial court could have reached only one
decision.”  Morrill v. Third Coast Emergency Physicians, P.A., 32 S.W.3d 324,
327 (Tex. App.—San Antonio 2000, pet. denied). 
Further, “[a] trial court has no ‘discretion’ in determining what the
law is or applying the law to the facts.” 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).  Importantly, the statutory
language within the Act is mandatory, and where a plaintiff fails to satisfy
one of the procedural options available, a trial court has no discretion to
hear a plaintiff’s medical malpractice suit. 
Thomas, 63 S.W.3d at 911.




III.  Analysis

            The Medical Liability and Insurance
Improvement Act was passed by the legislature to curtail a “medical malpractice
insurance crisis in the State of Texas.”  See Tex. Rev. Civ. Stat. art. 4590i, §
1.02(a)(5).  The Act requires compliance
with several procedural requirements, including the expert report and cost
bond.  Id. §
13.01(a)(1), (3).  These provisions of
section 13.01 were enacted “to address the perceived problem that litigants
were filing unmeritorious claims against medical practitioners which were not
adequately investigated in a timely manner.” 
Horsley-Layman v. Angeles, 968
S.W.2d 533, 537 (Tex. App.—Texarkana 1998, no pet.) (citing House Comm. on
Civil Practices, Bill Analysis, Tex. H.B. 971, 74th Leg., R.S. (1995)).  Such claims, coupled with the difficulties
inherent in litigation, “led doctors to settle such suits, regardless of the
merits, and also to expend great amounts of money on defending against
ultimately ‘frivolous claims.’”  Id.

            Unfortunately, appellant’s briefing
illustrates a profound misunderstanding of the Act.  In his appellate brief, appellant strays into
the merits of the suit, argues outside the appellate record, implies legal
malpractice, and references language from inapplicable summary judgment case
law and even criminal proceedings.  From
his brief, we can ascertain the following cognizable arguments:  (1) the dismissal, and the accompanying
deprivation of a trial by jury on the merits of the case, violates the Equal
Protection and Due Process Clauses of the United States Constitution, as well
as the Americans with Disabilities Act; (2) the trial court erred in dismissing
his suit for failing to abide by the procedural strictures of the Act; and (3)
the trial court’s ruling violated appellant’s rights as an indigent litigant.

A.  Constitutional Challenge

            Appellant argues that article 4590i
violates the Due Process and Equal Protection Clauses of the United States
Constitution.  When we review the
constitutionality of a statute, we must presume the statute is valid.  See HL
Farm Corp. v. Self, 877 S.W.2d 288, 290 (Tex.
1994).  The party challenging the
constitutionality of a statute bears the burden of establishing its
unconstitutionality.  See Raitano v. Tex. Dep’t of Pub. Safety, 860
S.W.2d 549, 550 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  We find appellant has not met his burden of
proving article 4590i is unconstitutional. 
Appellant cites no authority suggesting the Act, or its procedural
prerequisites, violates the Due Process and Equal Protection Clauses.  Appellant invokes general principles of law
taken from inapplicable cases, such as Bush
v. Gore, 531 U.S. 98 (2000) (per curiam) (finding
that standardless manual vote recounts violate the
EPC), and PGA Tour, Inc. v. Martin,
532 U.S. 661 (2001) (holding that under the Americans with Disabilities Act,
disabled respondent was entitled to participate in petitioner’s golf tournament
without having to comply with the requirement that all participant’s walk the
entire course), to support his argument that the Act violates the Constitution.
 Such a showing is insufficient.  It is not the appellate court’s
responsibility to create the appellant’s argument.  See Tex. R. App. P. 38.1(h) (noting a brief
must contain a “clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record”).  We decline to do so on appellant’s behalf.

B.  Americans with Disabilities Act

            Appellant also alleges the trial
court’s dismissal of his claims violates the federal  Americans with Disabilities Act (“ADA”).  However, there is no evidence in the record
that appellant pursued, or attempted to pursue, a cause of action under the ADA
in the trial court.  Therefore, there is
nothing before us to review concerning this issue and accordingly, appellant’s
complaint is overruled.

C.  Procedural Requirements of the Act

            It is the procedural requirements of
the Act that led to the dismissal of appellant’s suit.  For each physician or health care provider
named in a medical malpractice suit, a claimant must, within ninety days of the
filing of suit, do one of two things: file an expert report, and either file a
$5,000 cost bond or place $5,000 in escrow. 
Tex. Rev. Civ. Stat. art.
4590i, § 13.01(a)(1)–(3); Thomas, 63
S.W.3d at 910.  In the case of a pro se
litigant who is unable to pay the cost bond or cash deposit, subsection (o) of
section 13.01 provides an alternative: the claimant may file an affidavit of
inability to pay costs, using the same form as required by Texas Rule of Civil
Procedure 145(2).  Tex. Rev. Civ. Stat. art. 4590i, § 13.01(o); Thomas, 63 S.W.3d at 910–11. 
If the claimant does not satisfy any of the above conditions, the trial
court “shall” enter an order requiring the claimant to file, within twenty-one
days of the court’s order, a $7,500 cost bond for each defendant.  Tex.
Rev. Civ. Stat. art. 4590i, §
13.01(b)(1); Thomas, 63 S.W.3d at
910; Teixeira v. Hall, 107 S.W.3d 805, 807 (Tex.
App.—Texarkana 2003, no pet. h.).  The
Legislature’s use of the word “shall” within subsections (a) and (b) of section
13.01 indicates that compliance with subsection (a)’s ninety day deadline is
mandatory.  Teixeira, 107 S.W.3d at 807.  If the claimant fails to comply with the
court’s order, the court must dismiss the action for want of prosecution.  Thomas,
63 S.W.3d at 910–11.  The dismissal is
subject to reinstatement if the claimant files a $7,500 cost bond and pays the
defendant’s costs of court.  Tex. Rev. Civ. Stat. art. 4590i, §
13.01(c); Thomas, 63 S.W.3d at 911.

            We now apply the law to the history
of this case.  On January 4, 2002, ninety
days had elapsed after the filing of the lawsuit.  By that deadline, appellant failed to either
post a cost bond, place cash in an escrow account, or file an expert report as
required by article 4590i, section 13.01(a). 
According to the statutory provisions of the Act, the trial court was
then obligated to order appellant to file the $7,500 penalty bond for each
defendant within twenty-one days of the court’s order.  Tex.
Rev. Civ. Stat. art. 4590i, § 13.01(b). 
On February 25, following a request from the defendants, the trial court
ordered appellant to file the penalty bond. 
On March 18, twenty-one days after the trial court ordered appellant to
post the penalty bond, he had not complied with the court’s order as required
by section 13.01(b)(1).  Thereupon, the
court should have dismissed the action for want of prosecution pursuant to the
mandatory provisions of the statute.  Id. § 13.01(b)(2); see Thomas, 63 S.W.3d at 910–11.

            It is undisputed that appellant
failed to satisfy the procedural scheme set forth in the Act.  When appellant failed to comply with the
court’s order under subsection (b)(1), the court no longer had any discretion
to dismiss under subsection (b)(2). 
Consequently, the trial properly dismissed the case upon appellant’s
failure to comply with the procedural requirements.  See
Thomas, 63 S.W.3d at 911. 
Accordingly, the trial court did not abuse its discretion. 

D.  Indigency

            Appellant also complains the trial
court violated his “indigency rights” by dismissing
his suit before it could proceed to a trial on the merits.  Our state constitution and rules of procedure
recognize that our courts must be open to all with legitimate disputes, not
just those who can afford to pay the requisite fees.  See Tex. Const. art. 1, § 13; Tex. R. Civ. P. 145; Tex. R. App. P. 20.1; Griffin Indus., Inc. v. Honorable Thirteenth
Court of Appeals, 934 S.W.2d 349, 353 (Tex. 1996).  The Act contemplates indigent plaintiffs and
waives the cost bond requirement, provided an indigent plaintiff meets certain
procedural prerequisites.  Subsection (o)
of the Act states: 

[n]otwithstanding any other provision of this
section, a claimant who is proceeding without an attorney and who is unable to
afford a cost bond or cash-deposit may, in lieu of a cost bond or cash deposit,
file an affidavit in the same form required for an affidavit in lieu of
security for costs under the Texas Rules of Civil Procedure. 

Tex. Rev. Civ. Stat. art. 4590i, § 13.01(o).[8]

            Appellant’s attempt to take
advantage of this provision, allowing him to circumvent the cost bond
requirements by filing an affidavit stating his inability to pay costs, was
faulty.  See Thomas, 63 S.W.3d at 911 (noting that appellant failed to take
advantage of provision).  Article 4590i
requires pro se claimants to file their affidavits of inability to post
security for costs within the ninety day deadline under section 13.01(a).  Wickware, 70 S.W.3d at 219 (noting that “[t]his
interpretation is not only required by the plain language of Article 4590i, but
is necessary to remain in harmony with the statute’s purpose”).  There is no language within subsection (o),
however, indicating the Legislature intended to excuse these same claimants
from complying with this ninety day deadline. 
Id. at 219–20.  Appellant did not file his “Motion to Accept
Affidavit of Indigency in Lieu of 4590i Bonds or
Reports and Motion for Extension of Time in Which to File Expert Reports Under
4590i” until March 26, well after the expiration of the ninety day statutory
deadline.  Furthermore, the statute only
waives the cost bond requirement for pro se indigent litigants.  At the time of the expiration of the ninety
day deadline, appellant was not a pro se litigant.  Rather, he was represented by Martin.  Indeed, appellant’s aforementioned Motion was
filed simultaneously with Martin’s “Motion to Withdraw as Attorney of Record,”
thereby precluding the possibility that appellant was pro se at the time he
sought to avail himself of subsection (o). 
It was not until April 12 that the trial court ordered Martin to
withdraw from the case as attorney of record.

            Because appellant did not raise his
claim of indigency before the passing of the
statutory deadline, and because he was not pro se at the time of his request,
he could not avail himself of the statutory provision governing indigent
plaintiffs.

Conclusion

            For the foregoing reasons, the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 30, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 











            [1]  Act of May 30, 1977, 65th Leg., R.S., ch. 817, §§ 1.01–41.05, 1977 Tex. Gen. Laws 2039, repealed by Act of June 2, 2003, 78th
Leg., R.S., ch. 204, § 10.09 (formerly Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp.
2003)).   





            [2]  House Bill 4, effective September 1, 2003, repealed
all of the provisions of article 4590i. 
Because this case was filed prior to September 1, 2003, the former provisions apply to
this case and for ease of reference, we cite to the revised civil statute.





            [3]  The trial court’s “Order on Cost Bond” was
attached as Exhibit A to the March 27 Defendants’ Motion to Dismiss.  The order tracked the statutory language.  





            [4]  Subsections (f) and (g) of Section 13.01
allow a judge to grant a thirty day extension on any report requirement as
follows:

 

(f) The
court may, for good cause shown after motion and hearing, extend any time period
specified in Subsection (d) of this section for an additional 30 days. Only one
extension may be granted under this subsection.

 

(g)
Notwithstanding any other provision of this section, if a claimant has failed
to comply with a deadline established by Subsection (d) of this section and
after hearing the court finds that the failure of the claimant or the
claimant’s attorney was not intentional or the result of conscious indifference
but was the result of an accident or mistake, the court shall grant a grace
period of 30 days to permit the claimant to comply with that subsection. A
motion by a claimant for relief under this subsection shall be considered
timely if it is filed before any hearing on a motion by a defendant under
Subsection (e) of this section.

 

Tex. Rev. Civ. Stat. art. 4590i, § 13.01(f)–(g).





            [5]  Accompanying that motion was an affidavit
signed by appellant in which he alleged his status as an indigent litigant.





            [6]  Appellant’s response included an unsigned
letter purportedly from Dr. Mapp which stated the
doctors violated the standard of care. 
At his deposition on April 29, 2002, Mapp
denied the letter had been written by him.





            [7]  Signed on May 13, 2002, the order includes
the names of the nonsuited defendants and reads:

 

The motion
of defendants HOUSTON EYE ASSOCIATES, ROBERT STEWART, M.D., MICHAEL BLOOME,
M.D., JEFFREY ARNOULT, M.D., RICHARD KIMBROUGH, M.D. and PATRICK MARDESICH,
M.D. to dismiss this suit is GRANTED.

It is
ORDERED that plaintiff’s suit against Defendants HOUSTON EYE ASSOCIATES, ROBERT
STEWART, M.D., MICHAEL BLOOME, M.D., JEFFREY ARNOULT, M.D., RICHARD KIMBROUGH,
M.D. and PATRICK MARDESICH, M.D. is dismissed for failure to comply with
article 4590i[,] § 13.01 (b)(2).





            [8]  The rule governing affidavits provides the
following: 

 

The
affidavit shall contain complete information as to the party’s identity, nature
and amount of governmental entitlement income, nature and amount of employment
income, other income, (interest, dividends, etc.), spouse’s income if available
to the party, property owned (other than homestead), cash or checking account,
dependents, debts, and monthly expenses. 
The affidavit shall contain the following statements: “I am unable to
pay the court costs.  I verify that the
statements made in this affidavit are true and correct.”  The affidavit shall be sworn before a Notary
Public.

 

Tex. R. Civ. P. 145(2). 
Although the Plaintiff’s motion states that “[p]laintiff
has filed the proper affidavit with this motion, we note that appellant’s
affidavit did not include the required statements set forth in the final
sentence of the rule.