**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00332-CV**

_____

**ROY GRAY JR., Appellant**

**V.**

**SONYA GRAY, Appellee**

_____

**On Appeal from County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 14-02-02083 CV**

_____

**MEMORANDUM OPINION**

In a single issue, Appellant Roy Gray Jr. (Gray) appeals the trial court's order dismissing his divorce proceeding for want of prosecution. We reverse and remand.

UNDERLYING FACTS

Gray filed his pro se Petition for Divorce from Defendant Sonya Gray (Respondent) in Montgomery County on February 21, 2014. In his petition Gray

alleged that he was "currently incarcerated" and therein he provided his Texas Department of Criminal Justice prisoner number. Gray requested that service upon Respondent be accomplished by United States Postal Service certified mail or personal service "as the Court deems appropriate[,]" and requested that the court clerk advise him when service was accomplished. Gray further requested that he appear "at any and all hearings in this matter by the alternate methods of affidavit and telephone conference call from his prison unit of assignment." Gray accompanied his petition with a motion to proceed in forma pauperis and an affidavit of indigence. His affidavit of indigence alleged that he has "no ability to pay any costs by [sic] attorney and no assistance from an attorney." In Gray's petition, he alleged that there were no children of the marriage under the age of eighteen or otherwise entitled to support, and that the parties would either enter into an agreement regarding property, or that the court should divide the estate in a manner that the court deemed just and right as provided by law.

The clerk's record reflects that the clerk mailed the Divorce Citation to Respondent at the address Gray provided in his petition and that it was mailed using the United States Postal Service-certified mail, on or about February 28, 2014. The record also indicates that the citation was returned to the clerk's office on March 31, 2014, with the following notation:

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

On or about April 18, 2014, Gray forwarded a letter to the Montgomery County District Clerk asking whether the citation and service had been successfully accomplished on Respondent. The letter averred that the clerk's office had mailed the citation by "USPS-cert. on March 3, 2014." Gray's letter included his address and prisoner number with the Texas Department of Criminal Justice, which matched the information contained in his petition. In his appellate brief, Gray states that "[t]he Clerk failed to respond" to his inquiry in the April 18th letter. The clerk's record currently before us provides no evidence that the clerk responded to his letter. But, the record indicates that the clerk's office received Gray's April 18th letter on April 24, 2014.

The trial court issued a "Notice of Intent to Dismiss[.]" The notice explained that the case was "eligible for dismissal for want of prosecution" because the matter had been on file more than ninety days without service of citation having been perfected on the Respondent. The notice further stated that:

> THE COURT WILL CONSIDER RETENTION OF THE CASE IF A VERIFIED MOTION TO RETAIN IS FILED SPECIFYING THE DUE DILIGENCE UNDERTAKEN AND GENERALLY SHOWING GOOD CAUSE WHY THE CAUSE SHOULD NOT BE DISMISSED. ANY SUCH MOTION MUST BE FILED SEVEN (7) [sic] PRIOR TO THE HEARING DATE NOTICED BELOW:

3

June 27, 2014, AT 10:00 AM
Failure to timely file a verified Motion for retention <u>AND</u> attend the hearing above will automatically result in the case being dismissed.

The Notice of Intent to Dismiss was signed May 30, 2014, and filed June 2, 2014.

Gray states that he received the notice on June 9, 2014. In response, he then prepared and forwarded "Petitioner's Motion to Retain and Request for Personal Service[,]" which included the following: a statement that he first learned of the failure of service upon Respondent when he received the Notice of Intent to Dismiss; a request for personal service of citation upon Respondent; a request to appear at the hearing scheduled for June 27, 2014, by telephone from his prison unit; a request to retain the case on the docket; and an allegation that the motion was "dated and submitted via placement in the prison mailbox on June 20, 2014." Gray's motion to retain was not verified by a notary public; however, Gray included the statement that "[b]eing presently incarcerated, I declare under penalty of perjury that the foregoing Motion is true and correct." The record reflects the motion was received by the clerk on June 25, 2014.

The trial court held a hearing on June 27, 2014, as scheduled. Neither Gray nor Respondent appeared, nor did any attorneys appear on their behalf. On July 2, 2014, the court signed an Order for Dismissal for Want of Prosecution, which stated that neither party had appeared to show cause why the case should not be

4

dismissed.[1] Gray did not file a motion to reinstate, but he timely filed a notice of appeal.

## STANDARD OF REVIEW

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.). To determine whether the trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, whether the action of the trial court was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Ringer*, 274 S.W.3d at 867.

## ANALYSIS

Gray argues that the trial court abused its discretion in dismissing the matter "based on [his] non-appearance due to the court's failure to act on [his] request to participate by alternate methods" and "without [his] ability to be heard."

---

[1]The clerk's record includes a copy of an unsworn return of service that includes a typewritten sentence that appears to state that Sonya Gray was served "at 0255 O'clock PM the 8 day of July, 2014, by delivering" the citation personally to Respondent Sonya Gray. We note that the officer's return and citation was styled as a "Divorce Citation" but listed the "Plaintiff" as "State of Texas." It also indicates that a copy of the petition was attached to the citation when it was served on the Respondent.

5

The trial court served notice on Gray that the case would be dismissed for want of prosecution if he did not file a verified motion to retain specifying the due diligence undertaken and generally showing good cause as to why the case should not be dismissed, and further required that the motion must be filed seven days prior to the hearing that was set for June 27, 2014. The notice from the court also stated that "failure to timely file a verified Motion for retention and attend the hearing above will automatically result in the case being dismissed."[2]

A verification is "'[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.'" *Andrews v. Stanton*, 198 S.W.3d 4, 8 (Tex. App.— El Paso 2006, no pet.) (quoting Black's Law Dictionary 1556 (7th ed. 1999)). Gray's motion to retain is not attested to by a notary or other official; therefore, Gray's motion is not verified.

Section 132.001(e) of the Texas Civil Practice and Remedies Code permits inmates to file an unsworn declaration in lieu of a written sworn declaration. Tex.

---

[2]We note that neither Rule 165a of the Texas Rules of Civil Procedure nor the local rules for Montgomery County Courts at Law require a motion to retain to be verified. Tex. R. Civ. P. 165a(1) (stating that, at the dismissal hearing, "the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket[]" but not requiring a motion to retain); Montgomery Cnty. (Tex.) Cnty. Courts at Law Loc. R. 3.6(C) (requiring that a motion to retain be written and "filed prior to the dismissal date as set forth in the notice of intention to dismiss[.]"). However, on appeal, Gray does not present any argument or challenge to the verification required by the notice of dismissal.

Civ. Prac. & Rem. Code Ann. § 132.001(e) (West Supp. 2014). An inmate's

unsworn declaration under section 132.001(e) must include a jurat in substantially

the following form:

> My name is (First) (Middle) (Last), my date of birth is _____, and my inmate identifying number, if any, is _____.
> I am presently incarcerated in (Corrections unit name) in (City), (County), (State) (Zip Code).
> I declare under penalty of perjury that the foregoing is true and correct.
> Executed on the _____ day of (Month), (Year).
>                                                   ([Signed by] Declarant)

*Id.*

Gray's motion to retain does not include a jurat. In the signature block of the

motion to retain, however, he includes his name, his inmate number, an address,

and his personal signature. Gray also included a statement in his motion to retain

that "[t]his Motion is dated and submitted via placement in the prison mailbox on

June 20, 2014." Furthermore, he states: "Being presently incarcerated, I declare

under penalty of perjury that the foregoing Motion is true and correct."

"The operative part of the jurat is the portion subjecting the declarant to the

penalty of perjury." *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 813 (Tex.

App.—El Paso 2014, no pet.); *see also Tex. Dep't of Pub. Safety v. Caruana*, 363

S.W.3d 558, 564 (Tex. 2012) (explaining that unsworn declarations may be used in

lieu of oaths or affidavits so long as they are subscribed as true "under penalty of

7

perjury"); *Bahm v. State*, 219 S.W.3d 391, 393 (Tex. Crim. App. 2007) ("Section 132.002 then sets out the actual requirements for [inmates' unsworn] declarations, which are simply that the unsworn declaration must be (1) written and (2) 'subscribed by the person making the declaration as true under penalty of perjury.'"); *Perez v. Tex. Dep't of Criminal Justice*, No. 06-14-00065-CV, 2015 WL 733257, at *2 n.3 (Tex. App.—Texarkana Feb. 20, 2015, no pet. h.) (characterizing an inmate declaration as "dubious" that did not apply the perjury language to the declarant himself because, as written, the declarant "swore to nothing"). The omission of certain information need not be fatal. *See United Rentals*, 445 S.W.3d at 813 (finding that the omission of the declarant's address and date of birth was not fatal because the declarant included "under penalty of perjury" language); *see also Owens v. State*, 763 S.W.2d 489, 491 (Tex. App.—Dallas 1988, pet. ref'd) (concluding an inmate's unsworn declaration was substantially compliant with sections 132.001-.003 where it declared personal knowledge and was subject to penalty of perjury although it failed to include the inmate's identification number, county jail name, or place of incarceration).

In *Teixeira v. Hall*, 107 S.W.3d 805 (Tex. App.—Texarkana 2003, no pet.), the Texarkana Court of Appeals examined the adequacy of an inmate's unsworn declaration that did not comport with the template provided in section 132.001. The court stated the basic question was whether, if the inmate had lied, perjury

could be assigned to his declaration. *Id.* at 810. The court looked to cases regarding affidavits under Texas Rule of Civil Procedure 145 for guidance and concluded those cases "have not held that . . . magic words are the keystone" to determining adequacy; rather, the factors determining adequacy were whether the statements were based on the affiant's personal knowledge and "whether the statement is so positive as to allow perjury to lie." *Id.* The *Teixeira* court concluded "[w]e see no reason to apply a stricter rule to declarations made under Section 132.001 by a prison inmate." *Id.*

Gray's motion to retain does not include a discrete jurat or acknowledgement; however, it does contain his statement that "[b]eing presently incarcerated, I declare under penalty of perjury that the foregoing Motion is true and correct." Because the "operative part of the jurat" that subjects the declarant to the penalty of perjury is included, we find his declaration substantially complies with the statutory requirements and may substitute for a sworn verification.

Next, we examine the timeliness of the motion to retain. The Texas Supreme Court has previously adopted a "prisoner mailbox rule" for court filings by pro se inmates in Chapter 14 proceedings, and the courts have also applied the rule in other civil proceedings. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004); *see also Ramos v. Richardson*, 228 S.W.3d 671, 673-74 (Tex. 2007) (extending prisoner mailbox rule to civil suits filed by pro se inmates outside of context of

Inmate Litigation Act); *In re Marriage of Brown*, No. 07-06-0234-CV, 2006 WL 2080648, at *1 (Tex. App.—Amarillo July, 27 2006, order) (per curiam) (applying the prisoner mailbox rule to an inmate's divorce proceeding). This rule deems a pro se inmate's filing with the clerk of the court as filed "at the time the prison authorities duly receive the document to be mailed." *Warner*, 135 S.W.3d at 684.

Gray's motion to retain states he placed it in the prison mailbox on June 20, 2014. Furthermore, the record in this matter reflects the motion to retain was received by the clerk's office on June 25, 2014, and before the hearing on the Notice of Intent to Dismiss. Gray's motion to retain was timely filed.

A trial court has authority to dismiss a case for want of prosecution pursuant to Texas Rule of Civil Procedure 165a or under the court's inherent power to maintain and control its docket. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sweed v. Nye*, 354 S.W.3d 823, 825 (Tex. App.—El Paso 2011, no pet.); *Ringer*, 274 S.W.3d at 867. The court must give a party notice and an opportunity to be heard before it may dismiss on either basis. *See Reese v. Reese*, 256 S.W.3d 898, 899 (Tex. App.—Dallas 2008, no pet.). Under Rule 165a, a trial court may dismiss a case for want of prosecution on the failure of a party seeking affirmative relief to appear for a hearing or trial if the party had notice that dismissal could result from the party's failure to appear. Tex. R. Civ. P. 165a(1); *Villarreal*, 994 S.W.2d at 630.

10

A trial court may dismiss under its inherent power when a plaintiff fails to prosecute his or her case with due diligence. *See Villarreal*, 994 S.W.2d at 630; *Durbin v. Muchow*, 309 S.W.3d 758, 761 (Tex. App.—Beaumont 2010, no pet.). When the trial court indicates that it is dismissing a case under Rule 165a instead of through its inherent power, we may only affirm the dismissal if it was proper under Rule 165a. *See Villarreal*, 994 S.W.2d at 631-33; *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 88 (Tex. App.—Fort Worth 2002, pet. dism'd) (explaining that "[n]otice that a case may be dismissed for failure to appear at a hearing, as authorized by rule 165a, does not constitute adequate notice that the trial court may exercise its inherent authority to dismiss a case for want of prosecution."); *Lopez v. Harding*, 68 S.W.3d 78, 80-81 (Tex. App.—Dallas 2001, no pet.).

Where the plaintiff has failed to use reasonable diligence to prosecute the matter, a trial court may dismiss a civil suit for want of prosecution. *See Villarreal*, 994 S.W.2d at 630; *In re Marriage of Buster*, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.). But the courts have stated that reasonable diligence to prosecute a matter for pro se prison inmates may, in certain circumstances, be less stringent than for litigants who are not incarcerated and are represented by counsel. *See Buster*, 115 S.W.3d at 144. If a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate may be allowed to proceed

11

by affidavit, deposition, telephone, or other means. *See In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.); *Sweed v. City of El Paso*, 139 S.W.3d 450, 452 (Tex. App.—El Paso 2004, no pet.). A "hearing" does not necessarily require an oral hearing, a personal appearance, or an oral presentation to the court. *See Enriquez v. Livingston*, 400 S.W.3d 610, 616 (Tex. App.—Austin 2013, pet. denied) (explaining that due process only requires an opportunity to respond at a meaningful time and in a meaningful manner).

"It is well-established that litigants cannot be denied access to the courts simply because they are inmates." *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)). To dismiss for want of prosecution without allowing an inmate to appear by alternate methods, after he had made a proper request, may be an abuse of discretion. *See In re Marriage of Bolton*, 256 S.W.3d 832, 833 (Tex. App.—Dallas 2008, no pet.) (stating that where trial court determines that inmate may not appear personally, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means); *R.C.R.*, 230 S.W.3d at 426 (same); *In re D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.) (holding the trial court abused its discretion in failing to consider inmate's request to participate at trial by alternative means); *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.) ("A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil

proceeding personally or by other means, such that the inmate has been effectively barred from presenting his case, constitutes an abuse of discretion.”).

The trial court's dismissal order reveals that neither party appeared at the June 27, 2014 hearing. However, the record shows that Gray requested that the court allow him to make an alternate appearance by affidavit or telephone. The record provides no indication that the trial court acted on Gray's request to appear by alternate means; the record is silent as to whether or not the trial court ruled upon Gray's motion to retain, which again requested the court's assistance in serving the Respondent and that Gray be allowed to appear by telephone conference call. According to the record before us, the trial court dismissed Gray's case for want of prosecution after Gray failed to appear without providing him, an inmate, any means to appear. Dismissing Gray's case under these circumstances is fundamentally unfair and denied Gray an opportunity to be heard. *See R.C.R.*, 230 S.W.3d at 427.

We note that an inmate may file a motion explicitly asking the trial court to issue a bench warrant so that he can travel to court and appear in person at the dismissal hearing; but inmates do not have an absolute right to appear personally at civil proceedings, and they must justify the need for their appearance at such proceedings under factors that include the cost and convenience of transportation. *See Z.L.T.*, 124 S.W.3d at 165; *Ringer*, 274 S.W.3d at 867-68; *Pedraza v.*

*Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.) (explaining that "prisoners have no absolute right to appear personally at civil proceedings[,]" and a trial court must balance the State's need to preserve the integrity of the correctional system with the prisoner's right of access to the court). We find no authority indicating an inmate's decision not to specifically request a bench warrant to allow for a personal appearance waives the inmate's right of access to the court, especially when the record contains documentation that the inmate made a good faith request prior to the hearing to appear by other means. *See Parnell v. Parnell*, No. 2-09-270-CV, 2010 WL 2331411, at **3-4 (Tex. App.—Fort Worth June 10, 2010, no pet.) (mem. op.).

For these reasons, we hold that the trial court abused its discretion by dismissing Gray's case for want of prosecution. Having sustained Gray's issue, we reverse the trial court's judgment dismissing his case, and we remand this case to the trial court for further proceedings.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on December 12, 2014
Opinion Delivered April 2, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.