# NO. 12-15-00061-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALINEA FAMILY HOSPICE CARE LLC* | § | *APPEAL FROM THE 294TH* |
| *D/B/A ALINEA FAMILY HOSPICE* | | |
| *CARE, DONNA JUNKERSFELD AND* | | |
| *KARLA GAMBLE,* | | |
| *APPELLANTS* | | |
| | | |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| | | |
| *PEGGY GOLDSMITH, INDIVIDUALLY* | | |
| *AND ON BEHALF OF THE ESTATE* | | |
| *OF RUTH N. MASSEY,* | | |
| *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Alinea Family Hospice Care LLC, Donna Junkersfeld, and Karla Gamble (collectively Alinea) appeal the trial court's order denying their motion to dismiss a medical negligence lawsuit filed against them by Peggy Goldsmith. In a single issue, they assert the trial court should have granted their motion to dismiss because Goldsmith failed to timely serve her expert reports. We reverse and remand.

## BACKGROUND

Goldsmith, individually and on behalf of the estate of Ruth N. Massey (Goldsmith's mother), filed a medical negligence suit against Alinea. Goldsmith alleged Alinea was negligent in its care and treatment of Massey, which resulted in her death.

Goldsmith served Alinea with two expert reports.[1] Alinea timely filed objections to the reports, which the trial court granted after a hearing. The trial court also granted Goldsmith thirty days to cure the deficiency. Later, Goldsmith informed the court that she received notice

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014).

of the order twenty-two days after it was signed. The trial court made a docket entry that it had extended the time for Goldsmith to cure the deficient reports.

Goldsmith served her amended expert report within the timeframe specified in the docket entry. Alinea filed a motion to dismiss Goldsmith's claims, asserting the amended expert report was not timely served under Chapter 74 and requesting reasonable attorney's fees. Following a hearing, the trial court found that the thirty-day extension ran from the date of the court's docket entry and therefore Goldsmith's amended report was timely served. Accordingly, the court denied Alinea's motion to dismiss. This appeal followed.

## SECTION 74.351 EXPERT REPORTS

In its sole issue, Alinea argues Goldsmith's expert reports were not timely served and the trial court should have granted its motion to dismiss.

## Standard of Review

We review a trial court's ruling on a Section 74.351 motion to dismiss for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). A trial court acts arbitrarily and unreasonably if it could have reached only one decision, but instead reached a different one. *See Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex. App.—Texarkana 2003, no pet.).

## Applicable Law

Within 120 days after a defendant files an answer, a health care liability claimant must serve on that party or the party's attorney one or more expert reports for each physician or health care provider against whom a liability claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014). If the claimant fails to serve an expert report on a physician or health care provider, the trial court, on the motion of the affected health care provider, must award the provider reasonable attorney's fees and court costs and dismiss the claim or claims against it with prejudice. *Id.* § 74.351(b). If an expert report has not been timely served because elements of the report are found deficient, the trial court may grant the claimant one thirty-day extension to cure the deficiency. *Id.* § 74.351(c). If the claimant receives notice of the court's

ruling after the original 120-day deadline has passed, the thirty-day extension runs from the date the claimant first received the notice. ***Id.***

## Analysis

The trial court signed its order sustaining Alinea's objections to Goldsmith's expert reports on May 27, 2014. Because this was after the 120-day period for serving the reports, Goldsmith was entitled to a thirty-day extension—until June 26, 2014—to amend the reports. *See id.* § 74.351(c). However, Goldsmith did not receive notice of the order until June 18, 2014. Goldsmith wrote a letter informing the court that she received a copy of the order from Alinea on June 18 and requesting that the thirty-day extension run from the date she "received actual notice" pursuant to section 74.351(c). Based on this letter, the trial court then made the following docket entry:

> Court reviewed ∏'s letter dated 6/18/2014 and find the fax did not confirm sending to ∏ - just as ∏ transposed cause # on her letter. The Court finds good cause to extend the time for filing amended expert report as to ∆s Alinea Family Hospice Care, et al to the same time for filing the expert report as to ∆ Dr. Ingram.

Goldsmith's deadline for serving an expert report as to Dr. Ingram was July 24, 2014 — thirty-six days after Goldsmith received actual notice of the trial court's order.

Chapter 74 allows a trial court to grant a single thirty-day extension to cure deficient expert reports. *See id.*; ***Lewis v. Funderburk***, 253 S.W.3d 204, 207-08 (Tex. 2008). A trial court has no discretion to alter the length of an extension granted under section 74.351(c). ***Constancio v. Bray***, 266 S.W.3d 149, 162 (Tex. App.—Austin 2008, no pet.). Therefore, the trial court did not have the discretion to extend the deadline for serving Goldsmith's expert report.

Goldsmith characterizes the court's docket entry as a second order on Alinea's objections to the motion to dismiss. A docket entry generally is not considered to be a trial court order. ***Haut v. Green Café Mgmt., Inc.***, 376 S.W.3d 171, 178-79 (Tex. App.—Houston [14th Dist.] 2012, no pet.). But even if it were an order, the trial court did not have the discretion to expand the length of the extension. ***Constancio***, 266 S.W.3d at 162.

Pursuant to section 74.351, Goldsmith's thirty-day extension was required to run from June 18, 2014—the date she received notice of the May 27, 2014 order. TEX. CIV. PRAC. & REM. CODE § 74.351(c). Therefore, Goldsmith's amended report was due to be served not later than

July 18, 2014. Because the amended report was not served until July 22, 2014, it was untimely and the court should have granted Alinea's motion to dismiss. We sustain Alinea's sole issue.

## DISPOSITION

Having sustained Alinea's sole issue, we *reverse* the trial court's order denying Alinea's motion to dismiss, *render* judgment dismissing Goldsmith's claims against Alinea, and *remand* the case for a determination of attorney's fees. *See id.* § 74.351(b).[2]

**BRIAN HOYLE**
Justice

Opinion delivered October 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] Alinea did not request court costs in its motion to dismiss or in its appellate brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2015**

**NO. 12-15-00061-CV**

**ALINEA FAMILY HOSPICE CARE LLC D/B/A ALINEA FAMILY HOSPICE CARE, DONNA JUNKERSFELD AND KARLA GAMBLE,**
Appellants
V.
**PEGGY GOLDSMITH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUTH N. MASSEY,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. 13-00276)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying Alinea's motion to dismiss be **reversed**, judgment **rendered** dismissing Goldsmith's claims against Alinea, and the case is **remanded** to the trial court for a determination of attorney's fees; and that all costs of this appeal are hereby adjudged against the Appellee, **PEGGY GOLDSMITH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUTH N. MASSEY,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*