

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| UNITED RENTALS, INC., and UNITED RENTALS NORTHWEST, INC., | § | No. 08-13-00167-CV |
|  | § | Appeal from the |
| Appellants, | § | 448th District Court |
| v. | § | of El Paso County, Texas |
| THOMAS T. SMITH, | § | (TC# 2012DCV07086) |
| Appellee. | § |  |

## **O P I N I O N**

Appellants seek reversal of the trial court's order denying their motion to compel arbitration against plaintiff and former employee Thomas Smith. We affirm.

## BACKGROUND

Smith alleges that Appellant unlawfully terminated him on the basis of age during a series of workforce reduction layoffs that targeted only older employees. Smith further alleges that he refused to sign an agreement to receive severance pay in exchange for a release of any age discrimination claims and instead filed suit. Appellants moved to compel arbitration, maintaining that a clause contained in Smith's original employment agreement governed the terms of all employer-employee dispute resolutions.

In support of their motion, Appellants attached a purported copy of the original

employment agreement signed by Smith to their motion as Exhibit A. The agreement states that its terms and interpretation will be subject to Connecticut law. Section 5(d) governs "Arbitration of Certain Claims by Employees." Section 5(d)(i) states as follows:

> Except for matters referred to in Section 5(a), any and all claims by Employee relating to any matter arising during or after the employment of the Employee by Company or in connection with the cessation of said employment shall be resolved exclusively by arbitration conducted by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes established by the American Arbitration Association (AAA). The Company will provide a copy of these Rules to Employee on request. The decision of the arbitrator will be final and binding on both parties.

Section 5(d)(ii) states as follows:

> The claims and disputes to be arbitrated under this Section 5(d) ('Arbitrable Claims') include without limitation, disputes or claims arising under (A) federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, (B) the law of contract and (C) the law of tort.

The authenticity of the purported employment agreement submitted into evidence is in dispute. In his written response and again at a hearing on the motion to compel, Smith's counsel objected to the authenticity of Exhibit A, telling the court that Appellants' prior counsel had stated that Appellants were unable to find the original version of the agreement, that all the copies they had on file were illegible, and that the copy Appellants submitted to the court had been digitally enhanced for readability. When the trial court asked for Appellants' response, Appellants' new counsel stated that he had only been recently appointed and could not say for sure whether the original was available.

The only other evidence filed in support of Appellants' motion to arbitrate was a declaration by former human resources director Eunji Yoo. The declaration is not notarized, but

2

it does contain an unwitnessed jurat signed by Yoo attesting that he made the statements contained therein "under penalty of perjury under the laws of the United States . . . ." Yoo states that he made his declaration in support of Appellants' motion to compel, and that at the time Smith was hired, Yoo was in charge of, *inter alia*, facilitating employment agreements and handling the application process. Yoo further stated that based on his own personal knowledge and a review of company records, Appellants extended Smith an offer letter and Employment Agreement on or about "February 9, 2012" [sic]. Smith signed the agreement and returned it on or about "February 12, 2010[,]" and Yoo countersigned the agreement the same day. Yoo also quoted verbatim from Sections 5(d)(i) and 5(d)(ii) of the Employment Agreement, which governed the terms of arbitration. However, Yoo never references Exhibit A in his declaration, nor does he state it is a true and accurate representation of the agreement or otherwise vouch for its authenticity.

After taking the matter under advisement, the trial court ruled in favor of Smith and denied the motion to compel arbitration. The trial court did not state upon which grounds its decision rested, only that its judgment was based on the arguments of counsel and a review of the pleadings and evidence. United Rentals appealed.

## ANALYSIS

### COMPELLING ARBITRATION

In their sole issue on appeal, Appellants maintain that the trial court erred in failing to compel arbitration because they established both the existence of an agreement to arbitrate under both Texas and Connecticut law, and that Appellee's claims against them fell within the scope of that agreement. Smith does not dispute that, to the extent the purported Employment Agreement is legible, the claim would fall within the scope of the Agreement's arbitration clause. However,

3

Smith contends that Appellants failed to carry their evidentiary burden in establishing an arbitration agreement's existence because the purported Employment Agreement submitted as Exhibit A could not be authenticated on the record presented. Alternatively, Smith avers that the arbitration provision is invalid for lack of consideration under both Connecticut and Texas law.

Because we find that Appellants failed to properly authenticate the copy of the arbitration agreement, and because Yoo's Declaration standing alone was insufficient to establish the full terms of arbitration, Appellants failed to carry their evidentiary burden, and we uphold the trial court's ruling on that ground.

### *Standard of Review and Applicable Law*

We review the question of whether a valid arbitration exists *de novo*. *In re ReadyOne Industries, Inc.*, 294 S.W.3d 764, 768 (Tex.App.--El Paso 2009, orig. proceeding)(existence of valid arbitration agreement is a question of law). The burden of establishing an arbitration agreement's existence is evidentiary and runs with the party seeking to compel arbitration. *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 836 (Tex.App.--Houston [1st Dist.] 2002, orig. proceeding). A strong presumption in favor of arbitration attaches "only after the party seeking to compel arbitration proves that a valid arbitration agreement exists." *J.M. Davidson, Inc., v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). "No party is under a duty to arbitrate unless by clear language he has previously agreed to do so; and it must clearly appear that the intention of the parties was to submit their dispute to an arbitration panel and to be bound by the panel's decision." *Webb v. Investacorp*, 89 F.3d 252, 259 (5th Cir. 1996), *quoting Massey v. Galvan*, 822 S.W.2d 309, 316 (Tex.App.--Houston [14th Dist.] 1992, writ denied).

"[A]n employer attempting to enforce an arbitration agreement must show the agreement meets all requisite contract elements." *Webster,* 128 S.W.3d at 228. "[O]rdinary principles of

4

state contract law determine whether there is a valid agreement to arbitrate." *Inland Sea, Inc. v. Castro*, 420 S.W.3d 55, 58 (Tex.App.--El Paso 2012, pet. denied). The elements of a valid contract, including contracts to arbitrate, are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Paragon Indus. Applications, Inc. v. Stan Excavating, L.L.C.*, 432 S.W.3d 542, 547 (Tex.App.--Texarkana 2014, no pet.). "[T]he trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). "However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Id.*

### *Evidentiary Proof of Arbitration Agreement Existence*

In the first half of Issue One, Appellants maintain that a purported copy of the initial employment agreement, signed by HR Director Yoo and Appellee, which was attached to Yoo's declaration constitutes sufficient evidence that the agreement existed. Appellee counters that Appellant failed to provide sufficient threshold evidence establishing the existence of a valid arbitration agreement for three reasons. First, Yoo's declaration was not notarized and the jurat contains formal defects, rendering it incompetent evidence. Second, Exhibit A cannot be authenticated because Yoo does not assert the attachment is a true and correct copy. Finally, specific statements in the declaration outlining the terms of the arbitration agreement were inadmissible because Yoo lacked sufficient personal knowledge to support their veracity and because they were inadmissible hearsay. We address Appellee's defensive contentions in turn.

### Unsworn Declarations and Jurats

5

In general, "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute . . . ." TEX.CIV.PRAC.& REM.CODE ANN. § 132.001(a)(West Supp. 2014). Such a declaration must be in writing and must be subscribed as true under penalty of perjury. TEX.CIV.PRAC.&REM.CODE ANN. § 132.001(c). A template jurat containing the declarant's name, address, date of birth, and perjury attestation appears at TEX.CIV.PRAC.&REM.CODE ANN. § 132.001(d). The statute requires a jurat to appear in "substantially" the same form as the template jurat before an unsworn declaration becomes operative. *Id*.

We disagree with Appellee's contention that the Yoo Declaration's deviations from the statute render it inoperative and convert it into unsworn hearsay. Although the declaration jurat fails to contain Yoo's address and date of birth, such an omission is not fatal here. The operative part of the jurat is the portion subjecting the declarant to the penalty of perjury. *See Dominguez v. State*, No. 01-12-01148-CR, -- S.W.3d --, 2014 WL 2582975, at *6 (Tex.App.--Houston [1st Dist.] June 10, 2014, no pet. h.)(applying rule in criminal context). Failure to include the declarant's birthdate or address is a formal defect having no effect on whether a false statement would render the declarant liable for perjury. *Cf. id.* Appellee's argument that the jurat is substantively defective because the declarant subjected himself to federal perjury penalties instead of Texas perjury penalties is also without merit. The plain language of the statute does not specify that the declarant must state he is making the jurat under Texas law, *see* TEX.CIV.PRAC.&REM.CODE ANN. § 132.001(c), and Appellee cites no case law holding otherwise.[1] As such, we find the jurat was sufficient to allow the declaration to substitute for a notarized affidavit under the Civil Practice and Remedies Code.

---

[1] In fact, as the *Dominguez* court noted, submission of a declaration in substantial compliance with the terms of the statute would render the declarant liable for perjury under TEX.PENAL CODE ANN. § 37.02(a)(2)(West 2011). *See Dominguez*, 2014 WL 2582975, at *6.

6

**Authentication of Employment Agreement**

Appellee also complains that the Employment Agreement attached to the Motion to Compel is unable to be authenticated, since Yoo's declaration fails to essentially incorporate that document by reference and explicitly state that the exhibit is a true and correct copy of the Agreement. We agree that Exhibit A cannot be authenticated based on the record before us.

A piece of evidence's authenticity is a prerequisite to admissibility. The authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX.R.EVID. 901(a). "[T]he predicate for admissibility under rule 901 may be proven by circumstantial evidence." *Sanchez v. Tex. State Bd. Of Med. Exam'rs*, 229 S.W.3d 498, 509 (Tex.App.--Austin 2007, no pet.). "A document is considered authentic if a sponsoring witness vouches for its authenticity or if the document meets the requirements of self-authentication" set out in TEX.R.EVID. 902. *Castro v. Sebesta*, 808 S.W.2d 189, 195 (Tex.App.--Houston [1st Dist.] 1991, no writ)(op. on reh'g). The testimony of a witness with knowledge is only one of any number of ways to prove authenticity. TEX.R.EVID. 901(b)(setting out illustrative, non-exclusive list of ways to prove authenticity).

Here, Appellants submitted Exhibit A with their Motion to Compel Arbitration, purporting through counsel in the body of the motion that Exhibit A was a "true and correct copy" of the Employment Agreement. However, at the evidentiary hearing, counsel for Appellants conceded that he did not know if the original existed. Thus, the veracity of the document as being an authentic copy of the original was beyond counsel's personal knowledge, and to the extent prior counsel certified the document was a true and correct copy in the motion to compel arbitration, the statement in the motion is conclusory and lacks foundation that she had personal knowledge of that fact.

7

Also attached to their motion was Yoo's declaration.  Although Yoo states that as Appellants' former HR director, he and Smith signed the employment agreement containing the arbitration clause, and although he quotes from Sections 5(d)(i) and 5(d)(ii) of the purported Employment Agreement verbatim, Yoo never directly states or otherwise affirmatively represents that Exhibit A that is attached to the motion is a true and correct copy of that agreement.  "Simply attaching a document to a pleading neither makes the document admissible as evidence, dispenses with proper foundational evidentiary requirements, or relieves a litigant of complying with other admissibility requirements."  *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex.App.--San Antonio 2004, no pet.).  Since Yoo never directly vouched for the exhibit's authenticity, his declaration could not support an authenticity finding.

Further, although "[a] party's signature on a written contract is strong evidence that the party unconditionally assented to its terms[,]" *In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 876 (Tex.App.--El Paso 2005, orig. proceeding)[Internal citation and quotation marks omitted], there does not appear to be any evidence admitted at the hearing, such as an exemplar of Appellee's signature, that would allow the trial court to verify the exhibit and Appellee's signature are authentic.  *See* TEX.R.EVID. 901(b)(2)-(3)(governing handwriting analysis). Finally, the document does not fall into the class of self-authenticating documents set out in the Rules of Evidence.  *See* TEX.R.EVID. 902.  As such, the trial court could properly exclude Exhibit A and find that it was incompetent evidence of the arbitration agreement's terms.

The trial court could have also found that Yoo's Declaration, standing alone, was insufficient evidence of the arbitration agreement's existence, since it contained an incomplete recitation of the agreement's terms.  For instance, Yoo's Declaration does not contain the Connecticut choice-of-law provision, nor does it make mention of the trade secret provisions

Appellants claim provide alternative adequate consideration in the event the remainder of the contract does not constitute adequate consideration for the arbitration agreement. *See Mendivil v. Zanios Foods, Inc.*, 357 S.W.3d 827, 831 (Tex.App.--El Paso 2012, no pet.)(noting that remainder of contract may constitute adequate consideration where arbitration agreement is not a stand-alone agreement but is contained in a larger contract).

Given that no witness could conclusively establish that the Employment Agreement in Exhibit A was a true and correct authentic copy, and given that the only other evidence was an incomplete recitation of the agreement's terms contained in Yoo's Declaration, the trial court could have rightly found that there was insufficient evidence to establish the existence of the arbitration agreement. Since this ground is meritorious, and since the trial court did not specify on which ground its judgment rested, we will affirm the judgment on this ground. We decline to address the remaining arguments raised in the briefs as unnecessary to resolution of this appeal. *See* TEX.R.APP.P. 47.1.

## CONCLUSION

The judgment of the trial court is affirmed.


September 17, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J. (Not Participating)