**Opinion issued November 19, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00743-CV

———————————

## CHRISTINE HERNANDEZ A/K/A CHRISTINE MICHELLE STAGGS A/K/A CHRISTINE STAGGS, Appellant

## V.

## ASA JACKY RAY ADAMS, JR. AS INDEPENDENT EXECUTOR OF THE ESTATE OF ASA JACKY RAY ADAMS, SR., DECEASED, Appellee

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 96825-CV**

---

## MEMORANDUM OPINION

Asa Jacky Ray Adams, Jr. is the executor of his father's estate. In that capacity, Adams investigated his father's finances and discovered that a person

named Carol West had been added as an authorized signatory on his father's bank accounts about one year before his death. He also found that his father's bank accounts had been significantly depleted during the year that West was a signatory. After some investigation, Adams came to believe that West stole over $160,000 from his father's bank accounts and shared that money with her siblings, including Christine Hernandez, also known as Christine Staggs, who lives in Arkansas. The siblings also stole personal property, including vehicles, tools, guns, and furniture.

Adams, in his capacity as executor of his father's estate, sued Hernandez and her siblings. He asserted claims against Hernandez for conversion and conspiracy to commit conversion. Hernandez answered the suit. A few months later, Adams moved for summary judgment against Hernandez. To his motion, he attached various documents and an affidavit from his attorney concerning the attorney's fees charged in connection with the suit. Hernandez did not respond to the summary-judgment motion.

The trial court granted summary judgment against Hernandez and entered a final judgment against all defendants, including Hernandez. Hernandez moved for a new trial, arguing that summary judgment was improper because none of the documents attached to the summary-judgment motion had been properly authenticated and no affidavits had been submitted to substantiate the allegations in the pleadings. Hernandez argued, in short, that none of Adams's allegations had

2

been proven. The trial court denied Hernandez's new-trial motion, and she appealed.

In four issues, Hernandez contends the trial court erred in granting summary judgment and in denying the new-trial motion because Adams's evidence "was insufficient or simply did not exist" and did not "prove any of the essential elements" of the causes of action asserted.

We reverse.

## Summary Judgment

Hernandez contends the trial court erred in granting summary judgment because Adams failed to meet his burden with competent evidence conclusively proving all elements of the causes of action against Hernandez.

### A. Standard of review and applicable law

Using the summary-judgment procedure, a plaintiff may seek to establish liability and recover on a claim any time after a defendant has answered. TEX. R. CIV. P. 166a(a). The summary-judgment movant has the burden of establishing that he is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). To be entitled to summary judgment on one's own claim, a plaintiff-movant must conclusively prove all the elements of his cause of action as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *PS Invs., L.P. v. S.*

3

*Instrument & Valve Co., Inc.*, 438 S.W.3d 638, 640 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Regarding whether there is a disputed, material fact issue that would preclude summary judgment, we consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Under this standard, we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

**B.     Summary-judgment evidence must be admissible**

Summary-judgment evidence must be admissible under the rules of evidence just as trial evidence must be. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997); *see* TEX. R. CIV. P. 166a(f) (requiring that affidavits must set forth facts that would be admissible in evidence). A party cannot rely on factual statements from its own petition as summary-judgment proof. *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). Moreover, a plaintiff may not elevate the worth of his pleaded factual assertions by labeling them

4

uncontested; instead, the plaintiff retains the burden of establishing the elements of his claim with admissible evidence. *Cf. Quanaim v. Frasco Restaurant & Catering*, 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (noting that even a verified pleading will not convert pleaded facts into evidence).

Documents used as summary-judgment evidence must be in admissible form; simply attaching documents to a pleading does not make the documents admissible as evidence. *Wright v. Hernandez*, 469 S.W.3d 744, 751 (Tex. App.— El Paso 2015, no pet.) (citing *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 814 (Tex. App.–El Paso 2014, no pet.)). Rules 803(6) and 902(10) of the Texas Rules of Evidence concern business records—such as bank records—and provide that business records may be admissible if accompanied by a qualifying affidavit or unsworn declaration. TEX. R. EVID. 803(6); 902(10); *see* TEX. CIV. PRAC. & REM. CODE § 132.001.

## C.  Adams failed to meet his burden with admissible evidence

Adams asserted two causes of action against Hernandez: conversion and conspiracy to commit conversion. Conversion is the unauthorized and unlawful exercise of control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 684 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). The elements of a conversion claim are (1) the plaintiff owned or had possession of the property

or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Id.*

Civil conspiracy is defined as a combination of two or more people to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). A conspiracy claim seeks to impose joint and several liability against a member of a conspiracy for the harm caused by any member of that conspiracy. *Moore v. Bushman*, 559 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Energy Maint. Servs. Grp. I, LLC v. Sandt*, 401 S.W.3d 204, 220 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)). Conspiracy is not an independent tort. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). It is, instead, a derivative tort, meaning that it derives from conduct that is tortious under a separate cause of action. *See Tilton*, 925 S.W.2d at 681. There is no independent, "stand alone" liability for conspiracy. *Spencer & Assocs., P.C. v. Harper*, No. 01-18-00314-CV, 2019 WL 3558996, at * 11 (Tex. App.—Houston [1st Dist.] Aug. 6, 2019, no pet.); *W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 920 (Tex. App.—Dallas 2014, pet. denied).

Adams moved for summary judgment on the conversion and conspiracy claims, arguing that the facts were "undisputed." He asserted that codefendant Carol West found a way to have her name added as a signatory on his father's bank account. He further asserted that West, along with Hernandez and the other codefendants, "befriended" his father while he was "suffering from ill health and dementia"; "conspired with each other . . . to gain access" to his father's property, including bank accounts; "absconded with" $94,845.17 from his father's Chase Bank account and $74,966.17 from his Wells Fargo account; and wrongly took possession of tools, furniture, guns, vehicles, and other belongings of his father. There was no affidavit attached to the motion confirming any of these assertions.

Adams did attach some documents to his motion. Exhibit D purported to be a record of transactions from his father's Chase Bank account. Another document, identified with an exhibit sticker as Exhibit E, was a sworn declaration from a Chase Bank custodian of records, that stated, under penalty of perjury, that the "enclosed records" were Chase Bank's business records, but nothing in the declaration sought to identify what records had been attached to it. Behind the Chase Bank sworn declaration were Wells Fargo records that did not have a business-records affidavit or sworn declaration attached to them.[1]

---

[1] There were other documents attached as well, but those were submitted in support of other causes of action, such as the trespass to try title action against a

Nothing about this collection of documents establishes, as a matter of law, that Hernandez converted Adams's father's property. The factual assertions in the petition and motion are not summary-judgment evidence, even if labeled as undisputed. *See Hidalgo*, 462 S.W.2d at 545. The bank records were not submitted in admissible form. *See Wright*, 469 S.W.3d at 751; *United Rentals*, 445 S.W.3d at 814. Even assuming the Chase Bank sworn declaration was intended to accompany the Chase Bank records that preceded it, though without any descriptions or identification of those records, evidence that an authorized signatory wrote a check to Hernandez does not establish the elements of conversion as a matter of law. *See Cypress Creek EMS*, 548 S.W.3d at 684 (requiring, to satisfy elements of conversion claim, evidence that the party unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the alleged-owner's rights, that the alleged-owner demanded return of the property, and that the party refused to return the property).

Adams's summary-judgment evidence is void of any explanation of the circumstances that led to the issuance of the checks, including whether Adams's father authorized the payments, the payees had earned or otherwise had a right to the payments, the account owner had demanded their return, or the payees had refused their return. The allegations in Adams's petition and motion cannot supply

codefendant who claimed a right to possession of Adams's deceased father's house.

that missing evidence. *See Hidalgo*, 462 S.W.2d at 545; c*f. Quanaim*, 17 S.W.3d at 42.

Because Adams's motion for summary judgment did not bring forth evidence that established all elements of the causes of action for which judgment was sought, the trial court erred in granting the summary-judgment motion. *See* TEX. R. CIV. P. 166a(c).

## Conclusion

We reverse and remand for additional proceedings.

<div style="margin-left: 50%;">

Sarah Beth Landau
Justice

</div>

Panel consists of Justices Keyes, Kelly, and Landau.